IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MICHAEL A. TANNER,  §<br>　　Plaintiff, §<br>　　　　　　　　　　§<br>　　　　　　　　　　§<br>　　　　　　　　　　§<br>PATHWARD (formerly known as §<br>METABANK) and the INTERNAL §<br>REVENUE SERVICE, §<br>　　Defendants. § | Cause No. EP-24-CV-110-KC |

### MEMORANDUM OPINION AND ORDER

Michael A. Tanner, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action alleging violations of his civil rights under 42 U.S.C. § 1983 and his statutory rights under the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B(b), and the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq*. Pl.'s Compl., ECF No. 7. In an amendment to his complaint, he maintains the Court has jurisdiction to hear his claims under 28 U.S.C. § 1346(a)(1). Pl.'s Am. Compl., ECF No. 11 at 15. But his claims are frivolous, and his complaint fails to state a claim on which relief may be granted under either § 1983 or the Acts. 28 U.S.C. § 1915(e)(2). Accordingly, his cause is dismissed.

#### BACKGROUND

Tanner, a Texas state prisoner, believed that he was eligible for a $1,400 economic impact payment (EIP) under the ARPA when he filed his 2021 federal income tax return. *Id*. at 11. He asked the Internal Revenue Service (IRS) to mail him a check because he could not deposit the funds in his inmate trust account in any other form. *Id*. at 11–12. He was subsequently told by the IRS that he was sent a "debit card through MataBank (Pathward)." *Id*. at 35.

In his complaint, Tanner asserts he "never received his $1,400 stimulus." *Id.* at 13. He adds he attempted to contact Pathward on five occasions to complain, but Pathward never sent him a response. *Id.* He argues the IRS and Pathward have violated his due process rights by wrongfully withholding money that is due to him under ARPA. *Id.* at 9. He further contends the IRS and Pathward have violated his EFTA rights by failing to investigate the "fraud [on] this account." *Id.* at 13. For relief, Tanner seeks an order requiring Defendants to issue the EIP payment that he believes is due to him under the ARPA (presumably in check form) as well as money damages. *Id.* at 19. In his amended complaint, he argues the IRS should be ordered to return his ARPA payment pursuant to 28 U.S.C. § 1346(a)(1). Pl.'s Am. Compl., ECF No. 11 at 15.

## STANDARD OF REVIEW

Because Tanner is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Id.* "A complaint is frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotations omitted). A complaint is malicious "if it repeats virtually identical claims" to another federal lawsuit previously filed by the same plaintiff. *Scroggins v. Winn Corr. Ctr.*, 693 F. App'x 343, 344 (5th Cir. 2017); *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, 'to state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (emphasis added). A federal agency, like the IRS, is not a "person" within the meaning of § 1983 and "is … excluded from the scope of section 1983 liability." *Hoffman v. U.S. Dept. of Housing and Urban Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975) (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970)). Likewise, the acts of a private federal contractor, like Pathward, "do not become acts of the government [acting under color of state law] by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982); *see also Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (explaining a private banking corporation is not subject to § 1983 liability by performing public contracts.). As a result, Tanner may not bring a § 1983 action against either the IRS, a federal agency, or Pathward, a private federal contractor.

Furthermore, "private rights of action to enforce federal law must be created by Congress and raising up causes of action where a statute has not created them [is not] a proper function … for federal tribunals." *Comcast Corp. v. Nat. Assn of African Am. Owned Media*, 140 S.Ct. 1009, 1015 (2020) (citation and quotation marks omitted).

The ARPA, which was signed into law in 2021, authorizes an EIP payment in the amount of $1,400 to eligible individuals. 26 U.S.C. § 6428B(b). The ARPA does not create a private cause of action for the non-receipt of funds. *Thomas v. Dep't of Treasury*, No. 8:23-CV-4264-

BHH-KFM, 2023 WL 8582569, at *3 (D.S.C. Nov. 21, 2023), *report and recommendation adopted*, No. 8:23-CV-4264-BHH, 2023 WL 8577057 (D.S.C. Dec. 11, 2023); *Byers v. Rettig*, No. 1:22-CV-00126-MR, 2022 WL 3205184, at *4 (W.D.N.C. Aug. 8, 2022); *Bynoe v. Yellen*, No. 3:21-CV-509-MMD-WGC, 2022 WL 1516592, at *5 (D. Nev. Jan. 5, 2022), *report and recommendation adopted*, No. 3:21-CV-509-MMD-CSD, 2022 WL 1014982 (D. Nev. Apr. 5, 2022); *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021). Consequently, Tanner does not have a cognizable claim under ARPA.

The EFTA provides "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems," and its "primary objective ... is the provision of individual consumer rights." 15 U.S.C. § 1693(b). It creates a "private cause of action for a consumer to seek damages for financial institutions' unauthorized electronic transfer of funds *from* the consumer's account." *Golden-Koether v. JPMorgan Chase Bank, N.A.*, No. 11-3586, 2011 WL 6002979, *2, (D.N.J. Nov. 29, 2011) (citing 15 U.S.C. §§ 1693a, 1693m; *Raine v. Reed*, 14 F.3d 280, 283 (5th Cir. 1994)). The EFTA requires that when a consumer believes an unauthorized electronic fund transfer or other error has occurred, the consumer must provide, within sixty days of receiving documentation such as an account statement, oral or written notice to a financial institution setting forth the identifying account information and the basis for the consumer's belief that the account contains an error. 15 U.S.C. § 1693f(a). The financial institution is obliged to investigate and respond to such notice within ten business days. *Id.*

Tanner does not present evidence, or even allege, that Pathward made an unauthorized transfer of funds *from* his account—only that it will only transfer funds in the form of a prepaid

4

debit card, and it will not send him a check. Hence, he also does not state a claim under the EFTA.

Tanner argues in his amendment to his complaint that the IRS should be ordered to send his ARPA payment to him pursuant to 28 U.S.C. § 1346(a)(1). Pl.'s Am. Compl., ECF No. 11 at 15. Section 1346 grants district courts jurisdiction in certain cases involving taxes erroneously or illegally assessed:

> The district courts shall have original jurisdiction … of … [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue law.

28 U.S.C. § 1346(a). Tanner's ARPA payment was not erroneously or illegally assessed or collected. It was not a penalty collected without authority. Section 1346 is inapplicable to Tanner's cause.

## CONCLUSION AND ORDERS

After completing a preliminary screening, the Court concludes that Tanner's complaint is both frivolous and fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Michael A. Tanner's complaint (ECF No. 7), as amended (ECF No. 11) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the dismissal of Michael A. Tanner's complaint will count as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[1] The Clerk will therefore provide a copy

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

of this order to the Operations Department for the Western District of Texas. The Court **ADVISES** Michael A. Tanner that should he accumulate three strikes, he may be required to pay the full filing fee when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.

    **IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

    **IT IS FINALLY ORDERED** that the Clerk **CLOSE** this case.

    SIGNED this 4th day of February, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").